Ray Malouf (#2067)  d:rodsanswefed.rpp.wpd
MALOUF LAW OFFICES, LC
150 East 200 North #D
Logan, UT 84321-4036
Telephone (435) 752-9380
Email: malouflaw150@gmail.com
    *Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>    Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>    Relief Defendants, | **ANSWER TO COMPLAINT BY SARIA RODRIGUEZ**<br><br>Case No.: 1:22-cv-00135-DBP<br><br>Judge: Pead<br><br>Magistrate Judge: |

    Comes now Saria Rodriguez, one of the Relief Defendants, and answers the allegations in each section of the Complaint, as follows:

**SUMMARY**

1

1.      This defendant lacks sufficient information to admit or deny the allegations in paragraphs 1, 2, 3, 4, and 5 and therefore denies these allegations for lack of sufficient information.

## JURISDICTION AND VENUE

2.      Defendant lacks sufficient information to admit the allegations in Complaint paragraphs 6, 7, 8, 9, and 10, and therefore denies these allegations for lack of sufficient information.

## DEFENDANTS

3.      This defendant lacks sufficient information to admit allegations in Complaint paragraphs 11, 12, and 13 and therefore denies the allegations.

## RELIEF DEFENDANTS

4.      This defendant lacks sufficient information to admit the allegations in paragraph 14 and therefore denies the allegations in this paragraph for lack of sufficient information.

5.      Answering allegations in Complaint paragraph 15, which pertains to this defendant, Saria Rodriguez admits she resides in Utah, but denies receiving $40,136 in proceeds from fraud so far as she knows, and therefore denies she has no legitimate claim to this money. Admits that Swensen paid living expenses for this defendant, but denies sufficient knowledge to know payments were from proceeds of fraud. Lacks sufficient information to admit, and

therefore denies property of which this Defendant is in possession was purchased with proceeds from fraud.

6. Answering paragraphs 16, 17 and 18, lacks sufficient information to admit and therefore denies.

## FACTS

7. Lacks sufficient information to admit and therefore denies the allegations as set forth in paragraph 19, 20 and 21.

### Swensen's Fraudulent Scheme

8. Answering the allegations in this section about Swensen's fraudulent scheme, this defendant lacks sufficient information to admit and therefore denies the allegations in paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31.

### Swensen Statements About Crew Capital Were False

9. This defendant lacks sufficient information to admit and therefore denies the allegations in paragraphs 32, 33, 34, 35, and 36.

### Swensen Acted With Intent To Deceive

10. This defendant lacks sufficient information to admit and therefore denies the allegations in paragraphs 37, 38, 39, 40, 41, and 42.

## FIRST CLAIM FOR RELIEF

**Violation of Section 17(a) of the Securities Act [15U.S.C. & 77q(a)(1)]**

**(Against Crew Capital and Swensen Estate)**

11. This defendant lacks sufficient information to admit and therefore denies the allegations in paragraphs 43, 44 (including subparagraphs a, b, and c), 45, 46, and 47.

## SECOND CLAIM FOR RELIEF

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. & 78 j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. & 240.10b-5]**

**(Against Crew Capital and Swensen Estate)**

12. This defendant lacks sufficient information to admit and therefore denies the allegations in paragraphs 48, 49 (including subparagraph a, b, and c), 50, and 51.

## THIRD CLAIM FOR RELIEF

**Equitable Disgorgement**

**(Against All Relief Defendants)**

13. Answering paragraph 52, defendant re-alleges and incorporates by reference each and every response to Complaint paragraphs 1-51 inclusive as if they are fully set forth here again.

14. Denies Complaint allegations in paragraph 53 that this Relief Defendant obtained money, property or assets as a result of violations of the Securities Law by Swensen and Crew to which she has no legitimate claim.

15. Answering allegations in paragraph 54 denies this Relief Defendant should disgorge gains which are for her benefit under equitable doctrines of disgorgement, unjust enridgemnet and constructive trust, until she is satisfied that all such gains were ill-gotten.

## PRAYER FOR RELIEF

WHEREFORE, this defendant respectfully requests that the court not enter final judgment against her and not order this Relief Defendant to disgorge alleged gains or interest at this time.

DATED this 28th day of November, 2022.

/s/ Ray Malouf

RAY MALOUF, Attorney for Saria Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November 2022, a true and correct copy of the foregoing, APPEARANCE ON BEHALF OF SARIA C. RODRIGUEZ, ONE OF THE RELIEF DEFENDANTS, was served to the following:

Casey Fronk and Cheryl Mori
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT 84101
Fronkc@sec.gov
Moric@sec.gov

/s/ Abbie M. Pilling

Secretary