IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>Relief Defendants. | **STIPULATED ORDER FREEZING ASSETS, REQUIRING AN ACCOUNTING, PROTECTING DOCUMENTS, AND PRELIMINARY INJUNCTION AGAINST CREW CAPITAL GROUP, LLC**<br><br>Case No.: 1:22-cv-00135-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

On October 14, 2022, the Securities and Exchange Commission ("the SEC") filed this action alleging Defendants Stephen Romney Swensen and Crew Capital Group, LLC ("Crew Capital") violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1), and Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5, and alleging a claim for equitable disgorgement from Relief Defendants Wendy Swensen, WS Family IP, LLC ("WS Family IP"), Wingman, LLC ("Wingman"), and Swensen Capital, LLC ("Swensen Capital"). The SEC seeks, among other things, entry of an order permanently restraining and enjoining Crew Capital from further violations of Securities Act Section 17 and Exchange Act Section

1

10(b) and Rule 10b-5, and disgorgement of all ill-gotten gains or unjust enrichment derived from the alleged fraud from the Estate of Stephen Romney Swensen (the "Swensen Estate"), Crew Capital, and all Relief Defendants.  (*See* Dkt. 2.)

Also on October 14, 2022, the SEC filed its Motion for Preliminary Injunction, Asset Freeze, and Other Preliminary Relief, seeking an order preliminarily enjoining Crew Capital from further violations of Securities Act Section 17 and Exchange Act Section 10(b) and Rule 10b-5, an order freezing the assets of the Defendants and Relief Defendants, and an order that all Defendants and Relief Defendants provide an accounting and preserve documents.  (*See* Dkt. 3.)

Defendants The Estate of Stephen Romney Swensen and Crew Capital Group, LLC, and Relief Defendants Wendy Swensen, Wingman, LLC, and Swensen Capital, LLC have agreed and stipulated with the SEC to the entry of this Stipulated Order Freezing Assets, Requiring an Accounting, and Protecting Documents, and Preliminary Injunction Against Crew Capital.

Based upon the written submissions and the stipulation of the parties, the court makes the following findings:

1. This court has jurisdiction over the subject matter of this action.

2. This court has personal jurisdiction over Defendants the Swensen Estate and Crew Capital, and Relief Defendants Wendy Swensen, WS Family IP, Wingman, and Swensen Capital.

3. Venue lies properly in this district.

4. The SEC has made a proper *prima facie* showing that: (i) Swensen and Defendant Crew Capital directly or indirectly engaged in the violations alleged in the Complaint; (ii) there is a reasonable likelihood that Crew Capital will continue to violate Sections 17(a) of the

Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; (iii) unless restrained and enjoined by Order of this court, the Stipulating Defendants and Relief Defendants may dissipate, conceal, or transfer from the jurisdiction of this court assets that could be subject to an order of disgorgement in this action; and (iv) entry of a preliminary injunction, asset freeze, and order protecting documents as set forth below is necessary and appropriate.

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

### I.      The Asset Freeze

A.      This court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated (including money, real or personal property, securities, choses in action or property of any kind whatsoever), of Defendants the Swensen Estate and Crew Capital Group, LLC, and Relief Defendants Wendy Swensen, Wingman, LLC and Swensen Capital, LLC ("Stipulating Defendants' and Relief Defendants' Assets"), as of the date of this Order.

B.      Except as otherwise specified herein, all of the Stipulating Defendants' and Relief Defendants' Assets are frozen. All persons and entities with direct or indirect control over any of the Stipulating Defendants' and Relief Defendants' Assets, who receive actual notice of this Order, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, encumbering, concealing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing such assets. This freeze shall include, but is not limited to, the Stipulating Defendants' and Relief Defendants' Assets that are on deposit with financial institutions such as banks, brokerage firms, and mutual funds. Such institutions are directed to

hold or retain within their control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties.

    **C.**    **Living Expenses for Relief Defendant Wendy Swensen**.

    1.    Living expenses for Wendy Swensen and her minor child are approved for a six month period in the amount of $6,000 per month for a total of $36,000.

    2.    To the extent Wendy Swensen earns additional, going-forward income that she can demonstrate, to the satisfaction of counsel for the SEC, is unconnected to the conduct alleged in the Complaint, such income may be used for the payment of necessary and reasonable living expenses and a portion of the civil attorney's fees and defense costs needed for this action.

    3.    America First Credit Union Account No. ******5953 (the "AFCU Account") held in the name of Wendy M. Swensen shall be unfrozen to allow Wendy Swensen to pay living expenses and/or attorney fees and hold going-forward, earned income unconnected to the conduct alleged in the Complaint.

    4.    Wendy Swensen must provide to counsel for the SEC, without further request or subpoena, her monthly bank account statements for review and inspection no later than the 15th day of each month while this stipulated order is in effect.

    5.    The SEC may record a Notice of Lis Pendens and/or Notice of Potential Lien on the title for the real property located at ▮▮▮▮▮▮▮▮▮▮▮ Kaysville, UT ▮▮▮ to ensure that the property is not conveyed or transferred without approval.

4

    **D.**    **WS Family IP, LLC**

    1.    WS Family IP, LLC previously provided funds to purchase real property located at ▮▮▮▮▮▮▮▮, Kaysville, Utah, ▮▮▮▮ (the "WS Family IP Home").

    2.    The SEC may record a Notice of Lis Pendens and/or Notice of Potential Lien on the title for the WS Family IP Home to ensure that the property is not conveyed or transferred without approval.

    **E.**    **Swensen Capital, LLC**

    1.    Operating expenses for the ongoing business operations of Swensen Capital, LLC are approved in an amount not to exceed $12,500 per month.

    2.    Chase Bank Account No. *****9502 (the "Chase Bank Account") held in the name of Swensen Capital, LLC shall be unfrozen to allow Swensen Capital to pay its operating expenses and hold going-forward, earned income unconnected to the conduct alleged in the Complaint.

    3.    Swensen Capital, LLC must provide to counsel for the SEC, without further request or subpoena, its monthly bank account statements for review and inspection no later than the 15th day of each month while this stipulated order is in effect.

    **II.**    **The Protection of Documents**

The Stipulating Defendants and Relief Defendants and any person or entity acting at the direction of or on behalf of them, are prohibited from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of the Stipulating Defendants and Relief Defendants, their respective agents, servants, employees, and attorneys,

and those persons in active concert or participation with them, including documents that concern the Defendants and Relief Defendants' Assets, finances, or business operations.

### III.   Accounting

The Stipulating Defendants and Relief Defendants shall submit in writing and serve upon the Commission, within ten (10) business days following entry of this Order, an accounting identifying:

    a. all transfers or payments of funds to them or any other entity controlled by them from Swensen or Crew Capital in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

    b. in detail, the precise disposition of each transfer or payment identified in response to paragraph a. above and all assets derived therefrom, including but not limited to:

        i. the nature and results of any investment in which the funds were used;

        ii. any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

   iii. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

 c. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph a. above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

 d. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendants or Relief Defendants, whether in the United States or elsewhere;

 e. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants or Relief Defendants, or in which Defendants or Relief Defendants have or had any direct or indirect beneficial interest, at any time (i) from July 2011 to the present with respect to the Swensen Estate, Crew Capital, Wendy Swensen, Swensen Capital, Wingman, and WS Family IP, and (ii) from June 2020 to the present with respect to Relief Defendant Saria Rodriguez; and

    f. The Stipulating Defendants and Relief Defendants shall submit in writing to the Commission, within ten (10) business days following service of this Order upon them, a list of all street and mailing addresses (including without limitation postal box numbers), telephone or facsimile transmission numbers (including without limitation pagers and mobile telephones), electronic mail addresses, safety deposit boxes, and storage facilities used by them or under their direct or indirect control, at any time since (i) July 2011 with respect to the Swensen Estate, Crew Capital, Wendy Swensen, Swensen Capital, Wingman, and WS Family IP, and (ii) June 2020 with respect to Relief Defendant Saria Rodriguez;

Nothing in this Stipulation and Order shall be construed to require that a Defendant or Relief Defendant abandon or waive any constitutional or other legal privilege which he may have available to him including his Fifth Amendment privilege against self-incrimination. In turn, nothing in this Stipulation and Order shall prevent the SEC from opposing or challenging any assertion by a Defendant or Relief Defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

## IV. Preliminary Injunction Against Crew Capital Group, LLC

### A.

Defendant Crew Capital and any of its officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails,

from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further stipulated and ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Crew Capital's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Crew Capital or with anyone described in (a).

**B.**

Defendant Crew Capital is preliminarily restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further stipulated and ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Crew Capital's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Crew Capital or with anyone described in (a).

## C.

Defendant Crew Capital and any of its officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, from directly or indirectly, including, but not limited to, through any entity owned or controlled by the Defendants, participating in the issuance, purchase, offer, or sale of investment contracts, or soliciting any person or entity to purchase or sell investment contracts.

It is further stipulated and ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Crew Capital's officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Crew Capital or with anyone described in (a).

### D.

Defendant Crew Capital and each of its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

It is further stipulated and ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Crew Capital's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Crew Capital or with anyone described in (a).

### V.     Expiration of this Order

A.     This preliminary injunction shall remain in effect until the entry of a final judgment in, or other final disposition of, this action.

B.     This court shall retain jurisdiction over this action for the purposes of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for extension, modification or termination of this order or to grant additional relief within the jurisdiction of this court.

C. To the extent the Stipulating Defendants and Relief Defendants believe that assets or funds in their possession, custody, or control are not or should not be subject to this Order, the Stipulating Defendants may move the court for a modification of this Order.

**SO ORDERED this 6th day of February, 2023.**

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Court Judge

12