Casey R. Fronk (Illinois Bar No. 6296535)
Michael E. Welsh (Massachusetts Bar No. 693537)
Cheryl M. Mori (Utah Bar No. 8887)
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT  84101
Tel: (801) 524-5796
fronkc@sec.gov
welshmi@sec.gov
moric@sec.gov

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>　　Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>　　Relief Defendants. | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, ASSET FREEZE, AND OTHER PRELIMINARY RELIEF**<br><br>Case No.: 1:22-cv-00135-RJS-DBP<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

1

Plaintiff Securities and Exchange Commission (the "Commission") submits the following reply in support of its motion for a preliminary injunction, asset freeze, and other relief (Dkt. No. 3, herein, "Motion" or "Mot."). Defendants The Estate of Stephen Romney Swensen and Crew Capital Group, LLC, and Relief Defendants Wendy Swensen, WS Family IP, LLC, Wingman, LLC, and Swensen Capital, LLC have agreed to a Stipulated Order resolving the Commission's Motion (*see* Dkt. No. 27). Relief Defendant Saria Rodriguez ("Rodriguez") has submitted an opposition (Dkt. No. 25, herein "Opposition" or "Opp.")

As to Rodriguez, the Commission seeks entry of an asset freeze enjoining and preventing Rodriguez from, *inter alia*, "transferring, setting off, receiving, changing, encumbering, concealing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing" assets. (*See* Dkt. 3-4, Prop. Order at IA, B.) As set forth in the Commission's Motion, such order is necessary to prevent the further dissipation of funds Stephen Swensen ("Swensen") took from defrauded investors and gifted to Rodriguez over a period of nearly two years. (*See* Dkt. No. 3, Mot. at ¶¶ 5, 31, 35.) Rodriguez's Opposition provides no basis to deny the relief the Commission seeks, because (1) she admits she currently possesses at least some "luxury" assets gifted to her by Swensen and (2) she fails to provide any evidence showing she has a legitimate claim to those assets (or to any other funds or assets she received from Swensen).

***First***, Rodriguez does not dispute she received tens and potentially hundreds of thousands of dollars in funds from Swensen, some of which she has in her possession. As set forth in the Commission's Motion and supporting declarations, Rodriguez, one of Swensen's mistresses, received thousands of dollars from Swensen in the form of living expenses. (*See* Dkt. No. 3-2, J. Ostler Decl. ¶¶ 28–37.) Among other things, Swensen provided Rodriguez with two credit cards that Swensen paid on Rodriguez's behalf, one of which (the Marriott Bonvoy card) shows expenditures of $381,950 between September 27, 2021 and July 24, 2022. (*Id*. ¶¶ 29–35.) Rodriguez also does not dispute that Swensen gifted her with "luxury goods" (Dkt. No. 25, Opp.

2

at 2), and the credit cards show expenditures including $8,850 at Marion Plastic Surgery, over $16,000 at Tiffany & Co., over $14,500 at Louis Vuitton, and $4,991 at Gucci.  (Dkt. No. 3-2, J. Ostler Decl. ¶ 33.)  According to Rodriguez, she has retained at least "some of" those luxury gifts.  (*See* Dkt. No. 25, Opp. at 2.)  Rodriguez further admits that she received $40,136 the form of a cashier's check from Swensen payable to Rodriguez using funds from the Crew Capital bank account (an account Swensen used to collect funds from the investors he defrauded).  (*See* Dkt. No. 25, Opp. at 2; Dkt. No. 3-2, Ostler Decl. ¶ 37; Dkt. No. 3-1, A. Salimi Decl. ¶ 14f.)  And Rodriguez concedes that Swensen provided her with a laptop, and that she has that laptop in her possession.  (*See* Dkt. No. 25, Opp. at 2; Dkt. No. 3-2, Ostler Decl. ¶¶ 28, 32.)

***Second***, while Rodriguez asserts she has a "legitimate claim" to at least the $40,136 cashier's check and the laptop, her own admissions directly undermine this assertion.  Rodriguez does not contest that she received these assets as ***gifts*** from Swensen, and does not contravene the Commission's extensive evidence showing that any funds Swensen provided to Rodriguez were at a minimum commingled with the proceeds of his fraud.  While Rodriquez nominally "denies" the Commission's proof regarding Swensen's fraud, she provides no evidence in support of those denials and in fact concedes she "lack[s] . . . sufficient information" to contest the Commission's evidence.  This is not sufficient to establish any legitimate claim to those assets and funds.  *See SEC v. Cavanaugh*, 155 F.3d 129, 137 (2d Cir. 1998) (holding that a relief defendant had no "legitimate claim" to stock shares that were proceeds of a fraud where the relief defendant "gave no consideration for the [stock] shares and thus received them as a gift"); *see also CFTC v. Walsh*, 618 F.3d 218, 226 (2d Cir. 2010) ("[T]he receipt of property as a gift, without the payment of consideration, does not create a 'legitimate claim' sufficient to immunize the property from disgorgement."); *SEC v. Zufelt*, No. 2:10-cv-00574-DB-DBP, 2016 WL 5404746, *7 (D. Utah Aug. 5, 2016) (holding that a relief defendant had no "legitimate claim" to

funds where he was "unable to identify any valid business purpose for his receipt of investor funds and could not identify any benefit provided to investors.").

In sum, there is no dispute Rodriguez currently possess assets that are the proceeds of Swensen's fraud, and there is no dispute that Rodriguez lacks any legitimate claim to those assets. What's more, Rodriguez admits that she has already dissipated investor assets (*i.e.*, she states that "[t]he additional living expenses paid by Swensen have been consumed," see Dkt. No. 25, Opp. at 2). The Commission is entitled to an asset freeze preventing Rodriguez from any further dissipation and ensuring that whatever assets remain in her possession are preserved for the benefit of investors. *See SEC v. Hickey*, 322 F.3d 1123, 1131 (9th Cir. 2003) (affirming asset freeze over nonparty brokerage firm controlled by defendant to effectuate disgorgement order against defendant); *SEC v. Young*, Nos. 21-1061, 21-1075, 21-1322, 2022 U.S. App. LEXIS 20822 (10th Cir. July 28, 2022) (affirming asset freeze over defendants and relief defendants); *SEC v. Marquis Props., LLC*, No. 2:16-cv-00040-JNP, 2016 U.S. Dist. LEXIS 195950, at *3 (D. Utah Jan. 20, 2016) (ordering asset freeze of defendants and relief defendants' to maintain status quo after Commission established prima facie case that defendants violated federal securities laws). The Court should grant the Commission's Motion.


Dated: February 16, 2023                       /s/ Casey R. Fronk
                                               Casey R. Fronk

                                               *Counsel for Plaintiff SEC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, I caused a true and correct copy of the foregoing document to be served via CM/ECF on the following:

Thomas A. Brady
Katherine E. Pepin
Keith M. Woodwell
**CLYDE SNOW & SESSIONS**
One Utah Center
201 S Main St. Suite 2200
Salt Lake City, UT 84111-2216
tab@clydesnow.com
kep@clydesnow.com
kmw@clydesnow.com

*Counsel for Defendants the Estate of Stephen Romney Swensen and Crew Capital Group, LLC and Relief Defendants Wendy Swensen, WS Family IP, LLC, Wingman LLC, and Swensen Capital, LLC*

Raymond N. Malouf
**MALOUF LAW OFFICES**
150 E 200 N-D
Logan, UT 84321
malouflaw150@gmail.com

*Counsel for Relief Defendant Saria Rodriguez*

                                          /s/ Casey R. Fronk
                                          Casey R. Fronk