IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>    Defendants,<br><br>WENDY SWENSEN, an individual; SARIA C. RODRIGUEZ, an individual; WS FAMILY IP, LLC, a Utah limited liability company; WINGMAN, LLC, a Utah limited liability company; and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>    Relief Defendants. | **ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Case No. 1:22-cv-00135-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

In her Motion to Modify Stipulated Order Freezing Assets,[1] Relief Defendant Wendy Swensen requests the court modify the Stipulated Order[2] freezing her assets to exclude the proceeds of life insurance policies for which she was a named beneficiary. Relief Defendant Swensen argues the modification is appropriate because under Utah law—citing the Utah Exemptions Act[3] and a Utah Supreme Court decision[4]—the Securities and Exchange

---

[1] Dkt. 46, *Relief Defendant Wendy Swensen's Motion to Modify Stipulated Order Freezing Assets* (*Motion*).

[2] Dkt. 27, *Stipulated Order Freezing Assets, Requiring an Accounting, Protecting Documents, and Preliminary Injunction Against Crew Capital Group, LLC*.

[3] Utah Exemptions Act, UTAH CODE ANN. § 78B-5-501.

[4] *Thum v. Wolstenholme*, 21 Utah 446, 61 P. 537 (Utah 1900).

Commission (the Commission) "has no legal basis to assert a claim" over the life insurance proceeds.[5] The court ORDERS supplemental briefing on the following questions:

1) Does federal or state law control the scope and standards governing an asset freeze imposed pursuant to a Commission enforcement action?[6]

2) If federal law controls, how does that affect Relief Defendant Swensen's argument for modification of the asset freeze?

The court orders Relief Defendant Swensen, the Commission, and Receiver Chad S. Pehrson to each file a supplemental brief with no more than ten pages of argument. The briefs are due by the end of day on Friday, January 12, 2024.

**SO ORDERED** this 26th day of December 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[5] *Motion* at 9.

[6] *See, e.g.*, *SEC v. Hickey*, 322 F.3d 1123, 1131 (9th Cir. 2003); *SEC v. Unifund SAL*, 910 F.2d 1028, 1041 (2d Cir. 1990); *SEC v. Musella*, 818 F. Supp. 600, 603 (S.D.N.Y. 1993); *SEC v. McGinn*, No. 10-CV-457, 2010 WL 11469814, at *2 (N.D.N.Y. Dec. 15, 2010); *SEC v. Solow*, 682 F. Supp. 2d 1312, 1325 (S.D. Fla. 2010); *SEC v. Nat. Diamonds Inv. Co.*, No. 9:19-cv-80633-ROSENBERG, 2019 WL 2583863, at *8–9 (S.D. Fla. June 11, 2019).