# EXHIBIT A

R. Jeremy Adamson (12818)
Taylor J. Hadfield (17224)
KUNZLER BEAN & ADAMSON, PC
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646
jadamson@kba.law
thadfield@kba.law

*Attorneys for Receiver
Chad Pehrson*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | **DECLARATION OF CHAD PEHRSON IN SUPPORT OF RECEIVER CHAD PEHRSONS' MOTION REQUESTING COURT ORDER DIRECTING GODADDY.COM TO GRANT RECEIVER SECURE ACCESS TO WINGMAN.COM** |
| THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company, | |
| Defendants, | Case No.: 1:22-cv-00135-RJS-DBP |
| WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company, | Judge: Hon. Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |
| Relief Defendants. | |

I, Chad Pehrson state as follows:

1. I am over twenty-one years old, competent, and have personal knowledge of the facts set forth herein.

2. I am the Court-Appointed Receiver in the above-captioned case.

3. As part of my duties as Court-Appointed Receiver, I discovered that wingman.com (the "**Domain**") was a domain owned by Stephen Swensen or one of his entities prior to his death ("**Mr. Swensen**").

4. In my research and investigation of the Domain, I identified Mr. Swensen's email, heyswensen@gmail.com, as associated with the Domain.

5. I also discovered that Mr. Swensen chose to keep ownership of the Domain private by using Domains By Proxy, LLC.

6. When I inquired about the Domain with Domains By Proxy, I was informed that inquiries for the Domain could be sent to [wingman.com@domainsbyproxy.com](mailto:wingman.com@domainsbyproxy.com) which then forwarded the correspondence to [sswensen@gmail.com](mailto:sswensen@gmail.com).

7. Despite various efforts, I have been unable to access either account.

8. Subsequently I discovered that on or about November 12, 2020, as part of his usual and typical duties in connection with employment and affiliation with a Swensen-owned entity, Ronald Gibb ("**Mr. Gibb**") transferred management of the Domain into his own personal GoDaddy account.

9. Following interactions on this matter, Mr. Gibb informed me that he is not the owner of the Domain.

10. While it is certain that Mr. Swensen or one of his entities owned the domain, the

Domain's ownership records on file with GoDadddy present conflicting information, including listing Mr. Swensen as owner but also identifying and routing management through Mr. Gibb's personal GoDaddy account.

11.     I reached out to GoDaddy representatives regarding the ownership and access of the Domain. *See*  Receiver Letter attached as **Exhibit 1**.

12.     GoDaddy responded and informed me that a court order was required to comply with the request. *See* GoDaddy Email attached as **Exhibit 2**.

13.     Specifically, GoDaddy requested an order that "(1) specifically identifies the domain registration(s) at issue, and (2) specifically directs GoDaddy to take specific action with regard to the [D]omain[.]" *Id.*

14.      A brief court order will be helpful in resolving GoDaddy's confusion and ministerial requests regarding the Domain.

Dated this 2nd day of December, 2024, at Salt Lake City, Salt Lake County, Utah.

/s/ *Chad Pehrson*
Chad Pehrson

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I caused a true and correct copy of the foregoing document to be served via CM/ECF on all counsel of record in this litigation.

<u>/s/Taylor J. Hadfield</u>