Jason M. Bussey (California Bar No. 227185)
busseyja@sec.gov
Andrew J. Hefty (California Bar No. 220450)
heftya@sec.gov
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

*Attorneys for Plaintiff Securities and Exchange Commission*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>    Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>    Relief Defendants. | **MOTION FOR ENTRY OF FINAL JUDGMENT AS TO RELIEF DEFENDANT WENDY SWENSEN**<br><br>Case No.: 1:22-cv-00135-RJS-DBP<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court enter the Proposed Final Judgment as to Relief Defendant Wendy Swensen filed concurrently herewith. As the SEC previously informed the Court, the SEC and Ms. Swensen reached an agreement in principle to settle the SEC's claims against Ms. Swensen. As reflected in Exhibit 1

1

attached hereto, Ms. Swensen has consented to the entry of the Proposed Final Judgment. The Proposed Final Judgment will resolve the SEC's case against Ms. Swensen in its entirety.

Therefore, the SEC respectfully requests that the Court grant this motion and enter the Proposed Final Judgment as to Relief Defendant Ms. Swensen.

Dated: July 30, 2025

*/s/ Jason M. Bussey*
Jason M. Bussey
Andrew J. Hefty
Securities and Exchange Commission
Division of Enforcement
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Tel: (415) 705-8152

*Attorney for Plaintiff*
*Securities and Exchange Commission*

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 1:22-cv-00135-RJS-DBP |
| Plaintiff, | Judge: Robert J. Shelby |
| v. | Magistrate Judge: Dustin B. Pead |
| THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company, | |
| Defendants, | |
| WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company, | |
| Relief Defendants. | |

**CONSENT OF RELIEF DEFENDANT WENDY SWENSEN**

Relief Defendant Wendy Swensen ("Relief Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the [Proposed] Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

(a) orders Relief Defendant to pay disgorgement in the amount of $3,626,137, plus prejudgment interest thereon in the amount of $41,279; and

(b) orders that within 3 days after being served with a copy of the Final Judgment, American First Credit Union shall transfer $3,667,416 from the following Registered Certificate of Deposit 106 account, which was frozen pursuant to an Order of this Court, to Court-appointed Receiver, Chad S. Pehrson ("Receiver"):

| Account Owner | Acct. Ending in: |
|---|---|
| **Wendy Swensen** | *0693 |

American First Credit Union may transmit payment electronically to the Receiver who will provide detailed ACH transfer/Fedwire instructions upon request. America First Credit Union also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Receiver, which shall be delivered or mailed to

Chad S. Pehrson
Kunzler Bean & Adamson, PC
50 West Broadway, Suite 1000
Salt Lake City, UT 84101

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to the Final Judgment.

Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief

2

Defendant to enter into this Consent.

Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings," and "a refusal to admit the allegations is

3

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Stephen Romney Swensen and Crew Capital Group, LLC of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law

4

to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/18/2024

Wendy Swensen

On 18th of December, 2024, Wendy Swensen, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.



Notary Public
Commission expires: 12/19/2026

Approved as to form:

Thomas A. Brady
Tom Brady
Clyde Snow
Attorneys at Law
201 South Main Street, Suite 2200
Salt Lake City, UT 84111

Attorney for Relief Defendant

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>    Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>    Relief Defendants. | Case No.: 1:22-cv-00135-RJS-DBP<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead<br><br>**[PROPOSED] FINAL JUDGMENT AS TO RELIEF DEFENDANT WENDY SWENSEN** |

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Wendy Swensen ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $3,626,138 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $41,279, and interest earned on frozen funds of $171,592; for a total of $3,839,009. Relief Defendant's obligation to pay $3,839,009 shall be effectuated pursuant to the terms of Paragraph II of this Final Judgment.

Relief Defendant shall, simultaneously with the payment set forth in Paragraph II of this Final Judgment, transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Relief Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, America First Credit Union shall transfer $3,839,009 from the following Registered Certificate of Deposit 106 account which was frozen pursuant to an Order of this Court to the Court-appointed Receiver, Chad S. Pehrson ("Receiver"):

| Account Owner | Account Ending In |
|---|---|
| Wendy Swensen | *0693 |

America First Credit Union may transmit payment electronically to the Receiver, who will provide detailed ACH transfer/Fedwire instructions upon request.  America First Credit Union also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Receiver, which shall be delivered or mailed to

> Chad S. Pehrson
> Kunzler Bean & Adamson, PC
> 50 West Broadway, Suite 1000
> Salt Lake City, UT 84101

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

The Receiver shall, as soon as practicable, deposit the $3,839,009 in an interest-bearing account.  The Receiver shall hold the $3,839,009, together with any interest and income earned thereon (the "Fund"), pending further order of the Court.  The Fund shall be distributed to harmed investors or, if deceased prior to distribution, their successors in interest, and the Receiver may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon entry of this Final Judgment, the Stipulated Order Freezing Assets, Requiring an Accounting, Protecting Documents, and Preliminary Injunction Against Crew Capital, LLC (Dkt. No. 27) entered by the Court on February 6, 2023 shall expire solely as to Relief Defendant.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Relief Defendant Wendy Swensen is incorporated herein with the same force and effect as if fully set forth herein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Stephen Romney Swensen and Crew Capital Group, LLC of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES CHIEF DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I caused a true and correct copy of the foregoing document to be served via CM/ECF on Relief Defendant Wendy Swensen, the Receiver, and the Receivership Defendants, and by email and U.S. mail as to Relief Defendant Saria C. Rodriguez.

Thomas A. Brady
Katherine E. Pepin
Keith M. Woodwell
**CLYDE SNOW & SESSIONS**
One Utah Center
201 S Main St., Suite 2200
Salt Lake City, UT 84111-2216
tab@clydesnow.com
kep@clydesnow.com
kmw@clydesnow.com

*Counsel for Relief Defendant Wendy Swensen*

Saria C. Rodriguez
4236 W. Old Miller Court
Salt Lake City, UT 84118
mangosaria101@gmail.com

*Pro Se*

Jeremy Adamson
**BUCHALTER, A Professional Corporation**
60 E. South Temple Street, Suite 1200
Salt Lake City, UT 84111
jadamson@buchalter.com

*Counsel for Receiver and Receivership Defendants*

                                                                                 */s/ Jason M. Bussey*
                                                                                  Jason M. Bussey