# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 1:22-cv-00135-RJS-DBP |
| Plaintiff, | Judge: Robert J. Shelby |
| v. | Magistrate Judge: Dustin B. Pead |
| THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company, | **[PROPOSED] FINAL JUDGMENT AS TO RELIEF DEFENDANT WENDY SWENSEN** |
| Defendants, | |
| WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company, | |
| Relief Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Wendy Swensen ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $3,626,138 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $41,279, and interest earned on frozen funds of $171,592; for a total of $3,839,009.  Relief Defendant's obligation to pay $3,839,009 shall be effectuated pursuant to the terms of Paragraph II of this Final Judgment.

Relief Defendant shall, simultaneously with the payment set forth in Paragraph II of this Final Judgment, transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Relief Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, America First Credit Union shall transfer $3,839,009 from the following Registered Certificate of Deposit 106 account which was frozen pursuant to an Order of this Court to the Court-appointed Receiver, Chad S. Pehrson ("Receiver"):

| Account Owner | Account Ending In |
|---|---|
| Wendy Swensen | *0693 |

America First Credit Union may transmit payment electronically to the Receiver, who will provide detailed ACH transfer/Fedwire instructions upon request. America First Credit Union also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Receiver, which shall be delivered or mailed to

> Chad S. Pehrson
> Kunzler Bean & Adamson, PC
> 50 West Broadway, Suite 1000
> Salt Lake City, UT 84101

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

The Receiver shall, as soon as practicable, deposit the $3,839,009 in an interest-bearing account. The Receiver shall hold the $3,839,009, together with any interest and income earned thereon (the "Fund"), pending further order of the Court. The Fund shall be distributed to harmed investors or, if deceased prior to distribution, their successors in interest, and the Receiver may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an Order of the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon entry of this Final Judgment, the Stipulated Order Freezing Assets, Requiring an Accounting, Protecting Documents, and Preliminary Injunction Against Crew Capital, LLC (Dkt. No. 27) entered by the Court on February 6, 2023 shall expire solely as to Relief Defendant.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Relief Defendant Wendy Swensen is incorporated herein with the same force and effect as if fully set forth herein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Stephen Romney Swensen and Crew Capital Group, LLC of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES CHIEF DISTRICT JUDGE