R. JEREMY ADAMSON (UTAH SBN 12818)
TUCKER F. LEVIS (UTAH SBN 17793)
**BUCHALTER**, A Professional Corporation
60 E. South Temple Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 401-8625
Email: jadamson@buchalter.com
Email: tlevis@buchalter.com

*Attorneys for Receiver, Chad Pehrson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>Relief Defendants. | **MOTION TO APPROVE RECEIVER'S SETTLEMENT AGREEMENT WITH JASON KIMBER**<br><br>Case No.: 1:22-cv-00135-RJS-DBP<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

Chad S. Pehrson, the Court-appointed Receiver (the "Receiver") for the Estate of Stephen

Romney Swensen (the "Receivership Estate"), respectfully requests that the Court approve the

Receiver's settlement agreement with Jason Kimber ("Mr. Kimber"), as described below.

I.      Background Information

On August 8, 2023, the Court entered an Order Appointing Receiver (the "Receivership

Order").

As part of the Receiver's investigation into the Ponzi scheme orchestrated by Stephen R. Swensen, the Receiver identified Mr. Kimber as a potential recipient of funds traceable to the scheme. On February 12, 2025, the Receiver sent a letter to Mr. Kimber asserting that the records available to the Receiver indicated that Mr. Kimber had received a total of $108,283.52 in ill-gotten gains.

Mr. Kimber disputed the Receiver's claims, asserting that he had paid Mr. Swensen and provided documentation in support of his position including records indicating that Mr. Kimber had paid $30,000 and that the remainder of the $108,282.52 was compensation for work Mr. Kimber did for a business unrelated to the Ponzi scheme.  Mr. Kimber further indicated that he was unable to pay that amount due to the fact that he had recently entered into a sizeable settlement with a number of the investors in the Ponzi scheme. The Receiver was able to verify Mr. Kimber's account of a sizeable settlement with investors in the Ponzi scheme.

In light of the above, and pursuant to the authority granted by the Receivership Order, the Receiver engaged in settlement negotiations with Mr. Kimber to resolve the matter without the need for further litigation.

II.    Proposed Settlement Agreement

The Receiver and Mr. Kimber have entered into a written Settlement Agreement and General Release (the "Settlement Agreement"), subject to this Court's approval. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

Pursuant to the Settlement Agreement, and subject to Court approval:

- Mr. Kimber will pay the Receivership Estate the sum of $30,000.00 within fourteen (14) days of the Court's entry of a final, non-appealable order approving the Settlement

Agreement (the "Effective Date").

- Upon receipt of the payment, the Receiver will release Mr. Kimber from any and all claims, liabilities, or demands that in any way arise out of, or relate to, the alleged ill-gotten gains.

- The Settlement Agreement is expressly conditioned upon Court approval and will not be effective unless and until such approval is obtained.

III.    Request for Approval

The Receiver believes the Settlement Agreement is in the best interest of the Receivership Estate and its stakeholders. The Receiver believes that the relatively small amount at issue, Mr. Kimber's defenses, Mr. Kimber's financial situation, the cost of litigation, and the settlement Mr. Kimber has offered all make pursuing litigation against Mr. Kimber inadvisable. The agreement provides for a meaningful recovery to the Estate while avoiding the delay, uncertainty, and expense of litigation.

The Receiver respectfully requests that the Court approve the Settlement Agreement and authorize the Receiver to consummate the settlement in accordance with its terms.

A proposed order approving the Settlement Agreement is attached hereto as **Exhibit B**.

DATED this 21st day of August, 2025

RECEIVER
/s/ Chad S. Pehrson
Chad S. Pehrson, Receiver

BUCHALTER

/s/ R. Jeremy Adamson
R. Jeremy Adamson
Attorneys for Receiver

## CERTIFICATE OF SERVICE

I hereby certify that on August 21st, 2025, I caused a true and correct copy of the

foregoing document to be served via CM/ECF on all counsel of record including the following:

Andrew Jacob Hefty
Jason M. Bussey
Troy K. Flake
**SECURITIES AND EXCHANGE COMMISSION**
busseyja@sec.gov
heftya@sec.gov
troy@confidencelegal.com

Thomas A. Brady
Katherine E. Pepin
Keith M. Woodwell
**CLYDE SNOW & SESSIONS**
tab@clydesnow.com
kep@clydesnow.com
kmw@clydesnow.com

Raymond N. Malouf
**MALOUF LAW OFFICES**
150 E 200 N-D
Logan, UT 84321
malouflaw150@gmail.com

Randall Everett
**SKC LAW**
randy@skclawfirm.com,
jen@skclawfirm.com,
miriam@skclawfirm.com

Stephen K. Christiansen
Randall Everett
**CHRISTIANSEN LAW PLLC**
Steve@skclawfirm.com
randy@skclawfirm.com

David W. Tufts
Ian Kinghorn
Matthew J. Orme
**DENTONS DURHAM JONES & PINEGAR PC**

David.tufts@dentons.com
Ian.kinghorn@dentons.com
matt@orme@dentons.com

Justin T. Toth
**RAY QUINNEY & NEBEKER PC**
jtoth@rqn.com

Chad S. pehron
**KUNZLER BEAN & ADAMSON**
cpehrson@kba.law

/s/Jocelyn Lujan
Legal Assistant