# EXHIBIT A

Case 1:22-cv-00135-RJS-DBP   Document 142-1   Filed 08/21/25   PageID.2272   Page 1 of 5

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Release (hereinafter referred to as the "Agreement") is herein entered into by and between Chad S. Pehrson, in his capacity as Court appointed Receiver for the Estate of Stephen Romney Swensen, (the "Receiver") and Jason Kimber ("Mr. Kimber"). Each may be singularly referred to as a "Party" and collectively referred to as the "Parties").

WHEREAS, the Parties have been engaged in a dispute or controversy in connection with the Ponzi scheme operated by Stephen R. Swensen since at least June 2011 until the death of Swensen in June 2022.

WHEREAS, the Receiver sent a letter to Mr. Kimber on February 12, 2025, informing Mr. Kimber of his indebtedness to the estate in the amount of $108,283.52 (the "Alleged Ill-Gotten Gains").

WHEREAS, Mr. Kimber disputed the Receiver's claims in the letter and provided additional documentation to support his position.

WHEREAS, the Parties desire to settle, discharge and terminate all claims and controversies which may now exist, whether known or unknown, without the resort to further litigation, which in any way arise out of, or relate to the Alleged Ill-Gotten Gains, upon the terms and conditions set forth herein conditioned upon payment of the settlement amount set forth below.

NOW, THEREFORE, for and in consideration of the promises contained in this Agreement and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and as a full and complete compromise and settlement of any and all legally acceptable claims, the Parties agree as follows:

1. <u>Incorporation of Recitals</u>. The recitals to this instrument are incorporated by reference herein.

2. <u>Court Approval; Best Efforts</u>. This Agreement is conditioned on and is subject to the court's entry of an order approving it in the lawsuit styled *Securities and Exchange Commission v. The Estate of Stephen Romney Swensen et al.*, Case No. 1:22-cv-00135-RJS-DBP pending in the United District Court for the District of Utah (the "Receivership Case"). The Receiver will promptly file a motion seeking court approval of this Agreement, and the Parties each agree to use their best efforts to secure court approval of this Agreement in accordance with all applicable law. This Agreement shall be effective on the date that the court order approving this Agreement becomes final and non-appealable (the "Effective Date").

3. <u>Payment.</u> Within fourteen (14) days of the Effective Date, Mr. Kimber shall pay the Receiver the sum of $30,000.00 (thirty thousand dollars and no cents USD) (the

"Payment").

4. <u>Receiver Release</u>. Upon receipt of the Payment, and to the maximum extent permitted by law, the Receiver and his predecessors, successors, assignors, and assignees expressly release and forever discharge Mr. Kimber from any and all actions and causes of action, suits, damages, costs, claims, judgments, obligations, demands or liabilities of any nature whatsoever, whether at law or in equity, whether liquidated or unliquidated, whether known or unknown, which in any way arise out of, are connected with or relate to the Alleged Ill-Gotten Gains. This release is contingent upon the Receiver receiving the Payment.

5. <u>Representation and Comprehension of Document</u>. In entering into this Agreement, each Party acknowledges that it has completely read the Agreement and that it fully understands and voluntarily accepts its terms.

6. <u>Warranty of Capacity to Execute Agreement</u>. The Parties represent and warrant that no other person or entity has, or had, any legally enforceable interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set forth herein; that each has the sole right and exclusive authority to execute the Agreement; and that neither Party has sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

7. <u>Applicable Law</u>. Regardless of where this instrument is executed, it shall be construed and interpreted in accordance with the laws of the State of Utah. It is understood that any presumption or other rule of law or regulation which provides that the language of a contract shall be construed against the drafter will not apply to this Agreement—the Agreement will be considered to have been *jointly* drafted.

8. <u>Jurisdiction and Venue</u>. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in any state or federal court located in Salt Lake County, Utah. The Parties hereby irrevocably submit to the exclusive jurisdiction and venue of these courts and waive any objections based on personal jurisdiction or the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

9. <u>Modification</u>. This instrument may not be modified or changed orally, but only by an agreement in writing signed by the party against whom enforcement of any such modification or change is or may be sought.

10. <u>Cooperation.</u> The Parties agree to cooperate fully and execute any and all supplementary documents and to take any and all additional action that may be reasonably necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement, and which are not inconsistent with the terms set forth herein.

11. **Entire Agreement and Successors-In-Interest**. This Agreement contains the entire agreement between the Parties with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

12. **No Admission**. The Parties by reason of agreeing to this compromise and agreement deny liability of any and every sort and state they have made no agreement to do or omit to do any act or thing not set forth herein. The Parties further state that this Agreement is entered as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature known or unknown, including further developments thereof in any way growing out of or related to the payment for the Services.

13. **Counterparts.** This Release may be executed in several counterparts (including by facsimile), each of which shall constitute an original and all of which, when taken together, shall constitute one agreement.

14. **Attorney's Fees and Costs.** If either party hereafter brings a legal action relating to this Agreement in any way, the prevailing party is entitled to receive from the other party all attorney's fees, costs, collection costs, collection fees, interest, and expenses incurred by the prevailing party. This provision does not limit the court or arbitrator in any way to award other forms of relief to either party.

15. **Cumulative Remedies.** All rights and remedies provided in this Agreement are cumulative and not exclusive, and the exercise by either party of any right or remedy does not preclude the exercise of any other rights or remedies that may now or subsequently be available at law, in equity, by statute, in any other agreement between the parties, or otherwise.

_____
Chad S. Pehrson, in his capacity as Court appointed Receiver

Date: Aug. 20, 2025

_____
Jason Kimber

3

Date: _August 20. 2025_

4