R. Jeremy Adamson (12818)
Email: jadamson@buchalter.com
BUCHALTER
A Professional Corporation
60 E. South Temple, Suite 1200
Salt Lake City, UT  84111
Telephone: 801.401.8625

*Attorney for Receiver,*
*Chad Pehrson*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>Relief Defendants. | **RECEIVER'S FIFTH INTERIM FEE APPLICATION**<br><br>Case No.: 1:22-cv-00135-RJS-DBP<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

Receiver Chad S. Pehrson, through his undersigned counsel, hereby submits this sixth

interim fee application (this "Fee Application"), seeking approval by the Court for the fees and

expenses incurred by the Receiver, the Receiver's counsel, KB&A and Buchalter, and Sage Forensic Accounting, the Receiver's experts, for the period from October 1, 2024 through October 31, 2025 (the "Application Period"). The Receiver seeks authorization to pay all allowed fees and expenses from the Receivership Estate. In support hereof, the Receiver states as follows:

## I.     RELEVANT BACKGROUND

1. On August 8, 2023, the Court entered an Order Appointing Receiver (the "Appointment Order"). Accordingly, the Receiver has worked in concert with his counsel, KB&A, and his accountants, Sage Forensic Accounting ("Sage"), to identify, secure, and prepare to liquidate various Receivership assets, identify claimants and creditors of the Receivership Estate, and to identify net winners to recover funds for the benefit of all Receivership claimants.

2. The Receiver has previously filed Status Reports. The Status Reports provide a description of the services performed by the Receiver and his professionals during the Application Period and are incorporated herein by reference.

## II.    REQUEST FOR COURT APPROVAL OF FEES AND EXPENSES

3. The Appointment Order provides, in the relevant part:

> 55.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

4. Accordingly, the Receiver respectfully requests that the Court approve the fees and expenses incurred by the Receiver and his team and Sage Forensics, for the Application Period, as set forth below and in the attached Exhibits.

### III. FEES AND EXPENSES REQUESTED ARE ACTUAL, NECESSARY AND REASONABLE FOR THE SERVICES RENDERED

5. During this Application Period, the Receiver and his professionals have provided actual and necessary services for the Receivership Estate as summarized below and detailed in the Exhibits attached hereto. The Exhibits also detail the out-of-pocket expenses incurred by the professionals in rendering services to the Receivership Estate.

6. KB&A and Buchalter submitted their invoices to the Receiver, and the Receiver has reviewed and approved the invoices.

7. This Fee Application complies with the Receiver's understanding of the Appointment Order and relevant billing guidelines. The Receiver submitted this Fee Application to the SEC prior to filing it with the Court.

9. On March 1, 2025, the Receiver's primary counsel, R. Jeremy Adamson, moved his legal practice from KB&A to Buchalter. The Receiver has elected to continue to retain Mr. Adamson following his change of firms given Mr. Adamson's outstanding credentials, expertise, and service, as well as his experience with the legal issues in this particular action. Mr. Adamson's new firm has a different rate structure, resulting in an increase in Mr. Adamson's hourly rate. Further, Mr. Adamson is now working with a different legal team at his new firm in connection with his representation of the Receiver in this matter. Mr. Adamson's team on this

matter now consists of a senior associate, Tucker Levis, a junior associate, Henry Morris, and a paralegal, Brock Hatcher.

10.     Mr. Adamson's hourly rate is $715 per hour, Mr. Levis' hourly rate is $465 per hour, Mr. Morris' rate is $395 per hour, and Mr. Hatcher's rate is $240 per hour. In the Receiver's experience of practicing law for over 15 years in the Salt Lake City legal market, the rates charged by Mr. Adamson's firm are consistent with the rates charged by legal professionals with Mr. Adamson's and his teams' level of experience.

11.     The Receiver believes that the requested fees and expenses are reasonable. The Receiver also believes that the services rendered and the expenses advanced have been beneficial to the Receivership Estate.

### IV.    SUMMARY OF AMOUNTS REQUESTED

12.     The total amounts requested for the Receiver, his professionals, including the relevant holdbacks and voluntary write downs, are summarized below:

   a.    KB&A: From October 1, 2024 through October 31, 2025, as shown in Exhibit A, KB&A is seeking approval for $75,606.80 for fees and $2916.20 for out-of-pocket expenses. The Receiver has carefully reviewed KB&A's work and billings, and believes it to be both expert and efficient.

   b.    Buchalter: From March 1, 2025 through October 31, 2025, as shown in Exhibit A, Buchalter is seeking approval for $72,764.80 for fees and $102.76 for out-of-pocket expenses. The Receiver has carefully reviewed Buchalter's work and billings, and believes it to be both expert and efficient.

    c. Sage: From October 1, 2024 through October 31, 2025, as shown in Exhibit B, Sage billed $30,725.28.[1] The Receiver has carefully reviewed Sage's work and billings, and believes it to be both expert and efficient.

  13. The Receivership Estate has sufficient funds to pay the amounts requested.

## V. SUMMARY OF EXHIBITS

  14. Professional services have been recorded contemporaneously with services being rendered and these services, as well as the expenses incurred, are detailed in the attached Exhibits described below.

  15. The Receiver, KB&A, and Sage have maintained their time in records organized according to tasks, with each task record being maintained in chronological order.

  16. The following Exhibits are attached hereto in support of this Fee Application:
Exhibit A—Time Records of Receiver, KB&A and Buchalter, Including Summary by Task;
Exhibit B—Time Records of Sage;
Exhibit C—Proposed Order.

  17. During this Application Period, the Receiver, KB&A, and Buchalter continued to manage and keep secure the property within the Receivership Estate.

  18. Sage has continued to analyze and review information, support, and transaction data contained in the business records of the Receivership Defendants. Sage has assisted the Receiver and his team to verify and identify any issues with claims.

---

[1] Certain Sage invoices indicate interest charges for outstanding invoice amounts, but Sage subsequently agreed to write off those interest charges, and the actual reduced invoice amounts are reflected in Exhibit A and in the totals presented in this application.

19. Sage's analysis has been critical in assisting the Receiver to identify and verify relevant information to the Receiver's tasks.

20. This is the Fifth Interim Fee Application of the Receiver and his professionals. The Receiver and his professionals understand that the authorization and payment of fees and expenses is interim in nature, and that all fees and expenses allowed on an interim basis will be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and the Receiver and his professionals file final fee applications.

21. For the reasons set forth above, and as supported by the Exhibits attached hereto, the Receiver respectfully submits that the fees and expenses requested herein are for actual services that were necessary for and beneficial to the administration of the Receivership Estate. The Receiver has made every attempt to limit the administrative expenses of this Receivership Estate, and the Receiver submits that given the work that has been performed as reflected in the attached time entries, the fees and expenses that have been incurred are reasonable.

22. Pursuant to the Appointment Order, the Receiver represents and avers that this Fee Application complies with the material terms of the billing instructions agreed to by the Receiver, the fees and expenses included therein were incurred in the best interests of the Receivership Estate, were necessary and reasonable, and the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

23. The Receiver respectfully requests that the Court enter an Order (i) approving, on an interim basis, and (ii) authorizing the Receiver to pay these fees and reimburse the expenses from the Receivership Estate.

24. A proposed Order is attached hereto as Exhibit C.

The Receiver and his counsel verify under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of November 2025.

                              RECEIVER
                              /s/ Chad Pehrson
                              Chad Pehrson, Receiver

                              BUCHALTER

                              /s/ R. Jeremy Adamson
                              R. Jeremy Adamson
                              Attorneys for Receiver