Jason M. Bussey (California Bar No. 227185)
busseyja@sec.gov
Andrew J. Hefty (California Bar No. 220450)
heftya@sec.gov
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

*Counsel for Plaintiff Securities and Exchange Commission*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>Relief Defendants. | **STATUS REPORT FOR RECEIVERSHIP DEFENDANTS**<br><br>Case No.: 1:22-cv-00135-RJS-DBP<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

1

Plaintiff Securities and Exchange Commission ("SEC") submits the following status report:

On November 8, 2024, the Court vacated all pretrial deadlines as to Defendants the Estate of Stephen Romney Swensen and Crew Capital Group, LLC, and Relief Defendants WS Family IP, LLC, Wingman, LLC, and Swensen Capital, LLC ("Receivership Defendants") to permit the Receiver additional time to marshal any assets of the Receivership Defendants. Dkt. No. 109. The Court further ordered that "[t]he SEC shall file by February 4, 2025 a status report to update the Court on the anticipated timeline for resolution of the SEC claims against the Receivership Defendants." *Id.* Since then, the SEC has provided several status reports as to the Receivership Defendants, mostly recently on September 9, 2025. Dkt. No. 144. In its September 9, 2025 update, the SEC stated it would file a further status report by November 10, 2025. *Id.* Due to the lack of appropriations for the federal government, however, "all deadlines, due dates, or cut-off dates" in this case were "extended for a period commensurate with the duration of the lapse in appropriations, plus seven days." *See* General Order 25-005. *See also* Dkt. No. 145. As a result, the due date for the SEC's status report was extended until December 30, 2025.

On December 18, 2025, the Receiver provided the SEC with the following update regarding its efforts in this case:

> The Receiver provided each investor with a final opportunity to provide documentation addressing current discrepancies or holes in the information currently available to the Receiver. In response, the Receiver received additional information from some of the investors. The Receiver and his professionals have drafted a motion for approval of a distribution model for distributing funds in the

Receivership Estate to investors with losses and a request for approval of an interim distribution to investors. The motion is under final review, and the Receiver anticipates filing it by January 30, 2026.

The Receiver continues to work to recover investor funds that were donated by Mr. Swensen to a charitable organization.

The Receiver obtained leave from the Court to file claims against Bank of Utah. That lawsuit has been filed, seeking a return of investor funds improperly paid to Bank of Utah. Bank of Utah's response to the lawsuit is due December 23, 2025.

The Receiver continues to work toward the sale of a small business owned by the Receivership Estate.

The Receiver is evaluating potential claims against a participant in Mr. Swensen's fraud, and the Receiver anticipates filing a motion for leave to file a complaint against that party by January 30, 2026.

As it appears the efforts described above will remain ongoing for some time, the SEC proposes that, in lieu of the SEC filing further status reports regarding the Receiver's operations, the Receiver resume filing Quarterly Status Reports as set forth in the Order Appointing Receiver. *See* Dkt. No. 38 at ¶¶ 48-52 (providing that the Receiver shall, "[w]ithin thirty…days after the end of each calendar quarter, file and serve a full report" setting forth, among other things, "[a] summary of the operations of the Receiver" and "[t]he Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations"). Counsel for the Receiver has informed the SEC that the Receiver does not object to that proposal.

Accordingly, unless the Court orders otherwise, the SEC will not file further status reports providing updates regarding the Receiver's efforts.

Dated: December 19, 2025

/s/ *Jason M. Bussey*
Jason M. Bussey
Securities and Exchange Commission
Division of Enforcement
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Tel: (415) 705-8123

*Counsel for Plaintiff*
*Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I caused a true and correct copy of the foregoing document to be served via CM/ECF on the following:

Thomas A. Brady
Katherine E. Pepin
Keith M. Woodwell
**CLYDE SNOW & SESSIONS**
One Utah Center
201 S Main St., Suite 2200
Salt Lake City, UT 84111-2216
tab@clydesnow.com
kep@clydesnow.com
kmw@clydesnow.com

*Counsel for Relief Defendant Wendy Swensen*

Chad Pehrson
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, UT 84101
cperhson@kba.law

*Receiver*

Jeremy Adamson
**BUCHALTER, A Professional Corporation**
60 E. South Temple Street, Suite 1200
Salt Lake City, UT 84111
jadamson@buchalter.com

*Counsel for Receiver and Receivership Defendants*

                                            */s/ Jason M. Bussey*
                                            Jason M. Bussey