Jason M. Bussey (California Bar No. 227185)
busseyja@sec.gov
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

*Counsel for Plaintiff Securities and Exchange Commission*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company, <br><br> Defendants, <br><br> WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company, <br><br> Relief Defendants. | **UNOPPOSED MOTION FOR ORDER DISMISSING ACTION AGAINST RELIEF DEFENDANT SARIA C. RODRIGUEZ** <br><br> Case No.: 1:22-cv-00135-RJS-DBP <br><br> Judge: Robert J. Shelby <br><br> Magistrate Judge: Dustin B. Pead |

Plaintiff Securities and Exchange Commission ("SEC") submits this Unopposed Motion for Order Dismissing Action Against Relief Defendant Saria C. Rodriguez. All parties previously stipulated to dismiss this action with prejudice as to Ms. Rodriguez under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Dkt. 140), and the Court correctly recognized that, normally, such a

1

stipulation would be "self-effectuating" (Dkt. 141). Counsel for the SEC has since determined, however, that under Rule 41 a plaintiff's ability to "dismiss an action without a court order" is "[s]ubject to Rule[]…66…." Fed. R. Civ. P. 41(a)(1)(A). And Rule 66, in turn, provides that "[a]n action in which a receiver has been appointed may be dismissed only by court order." Fed. R. Civ. P. 66; *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2982 (3d ed. 2023) (explaining that rule "prevents a party from ousting the receiver without first obtaining the court's approval, which prevents the court's investment in the long-range program of receivership it has established from being wasted"). Because the Court has appointed a receiver in this case (Dkt. 38), a court order is required to dismiss the action as to Ms. Rodriguez. As reflected by the parties' prior stipulation, the SEC has determined, given the circumstances of this case, not to seek judicial relief from Ms. Rodriguez (who answered the SEC's Complaint but asserted no counterclaims) (Dkt. 25)), and neither the receiver nor the other parties oppose the dismissal, with prejudice, of the action against her, with each party bearing that party's own attorney's fees and costs.

Dated: April 23, 2026

/s/ Jason M. Bussey
Jason M. Bussey
Securities and Exchange Commission
Division of Enforcement
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Tel: (415) 705-8123

*Counsel for Plaintiff*
*Securities and Exchange Commission*

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, I caused a true and correct copy of the foregoing

document to be served via CM/ECF on the following:

Thomas A. Brady
Katherine E. Pepin
Keith M. Woodwell
**CLYDE SNOW & SESSIONS**
One Utah Center
201 S Main St., Suite 2200
Salt Lake City, UT 84111-2216
tab@clydesnow.com
kep@clydesnow.com
kmw@clydesnow.com

*Counsel for Relief Defendant Wendy Swensen*

Saria C. Rodriguez
4236 W. Old Miller Court
Salt Lake City, UT 84118
mangosaria101@gmail.com

*Pro Se*

Jeremy Adamson
**BUCHALTER, A Professional Corporation**
60 E. South Temple Street, Suite 1200
Salt Lake City, UT 84111
jadamson@buchalter.com

*Counsel for Receiver and Receivership Defendants*

           */s/ Jason M. Bussey*
           Jason M. Bussey

3