R. Jeremy Adamson (12818)
Tucker F. Levis (17793)
**BUCHALTER LLP**
60 E. South Temple Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 401-8625
jadamson@buchalter.com
tlevis@buchalter.com

*Attorneys for Receiver Chad S. Pehrson*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, <br><br> *Plaintiff*, <br><br> v. <br><br> **THE ESTATE OF STEPHEN ROMNEY SWENSEN**, and **CREW CAPITAL GROUP, LLC**, a Nevada limited liability company, <br><br> *Defendants*, <br><br> **WENDY SWENSEN**, an individual, **SARIA C. RODRIGUEZ**, an individual, **WS FAMILY IP, LLC**, a Utah limited liability company, **WINGMAN, LLC**, a Utah limited liability company, and **SWENSEN CAPITAL, LLC**, a Utah limited liability company, <br><br> *Relief Defendants*. | **STIPULATION REGARDING DANIEL & MAYLENE MCALLISTER'S OBJECTION AND RESPONSE TO THE RECEIVER'S AMENDED MOTION TO APPROVE PROPOSED DISTRIBUTION METHOD AND FIRST INTERIM DISTRIBUTION** <br><br><br> Case No.: 1:22-cv-00135-RJS-DBP <br><br> Judge: Robert J. Shelby <br><br> Magistrate Judge: Dustin B. Pead |

Receiver Chad S. Pehrson (the "Receiver") and interested parties Daniel and Maylene McAllister (the "McAllisters"), by and through their respective undersigned counsel, jointly submit this stipulation relating to the McAllisters' response to the Receiver's pending Amended Motion to Approve Proposed Distribution Method and First Interim Distribution (Dkt. 164) (the "Amended Motion"). The Parties respectfully ask the Court to give effect to their agreement in

BUCHALTER 111146067v1

resolving the Amended Motion so that the first interim distribution to defrauded investors may proceed without delay, while preserving the McAllisters' ability to have their claim fully evaluated and, if appropriate, paid as part of a later distribution.

On April 2, 2026, the Receiver filed the Amended Motion, which superseded his original motion (Dkt. 157) and asked the Court to authorize an initial $4,750,000 distribution to net-loser investors under the net investment method. The Amended Motion explained that the Receiver had reserved sufficient funds in the Receivership Estate to address potential disputed or later resolved claims and that a subsequent distribution would follow as additional funds are recovered and remaining issues are resolved. Based on the records then available to the Receiver, the Amended Motion identified Daniel McAllister as a net winner whose withdrawals exceeded his contributions by $10,250.00, and accordingly proposed no first-interim distribution to the McAllisters.

On April 20, 2026, the McAllisters, through counsel, timely responded to the Amended Motion. (Dkt. 168.) Their response disputed the Receiver's net-winner determination, supplemented and amended their claim, and provided supporting documentation reflecting additional rollovers and cash contributions that the McAllisters contend the Receiver had not previously accounted for.  The McAllisters' response was the only comment or objection filed in response to the Amended Motion.

Since that filing, counsel for the Parties have been in regular communication and have worked cooperatively to evaluate the McAllisters' claim. The McAllisters have produced additional records to the Receiver, and the Parties have agreed to a series of extensions while the McAllisters continue to gather the remaining documents needed for the Receiver to complete his analysis—principally, certain bank records that the McAllisters are still working to obtain. The Parties agree that those records, and any further information they produce, are best evaluated

through continued informal exchange rather than through contested motion practice in connection with the Amended Motion, which effectively delays distributions to the remaining investors.

To that end, the Parties have reached the following understanding, which they jointly present to the Court. First, the Receiver agrees that the McAllisters' response at Dkt. 168, together with the materials accompanying it, adequately preserves the McAllisters' claim against the Receivership Estate, including with respect to any claims bar date the Court may set in connection with the Amended Motion. The Receiver will not contest the timeliness or sufficiency of the McAllisters' claim on the ground that further documentation arrived after the bar date or after entry of an order on the Amended Motion. Second, the substantive issues raised in the McAllisters' response—principally, the proper calculation of the McAllisters' contributions and withdrawals and whether they are ultimately net winners or net losers—are set aside for purposes of the Amended Motion and will be addressed by the Parties outside the confines of that motion. The McAllisters do not oppose entry of an order granting the Amended Motion and approving the proposed distribution method and first interim distribution, subject to the understanding reflected in this filing.

Third, the Parties will continue to confer in good faith, exchange records, and work toward a consensual resolution of the McAllisters' claim. Consistent with the Amended Motion, the Receiver has reserved, and will continue to reserve, sufficient funds within the Receivership Estate to address the McAllisters' claim in the event it is ultimately allowed. If the Parties agree, or the Court later determines, that the McAllisters are net losers entitled to participate in distributions from the Estate, the Receiver will rebalance his calculations to account for the McAllisters' claim and will include any resulting payment to the McAllisters in a second interim or final distribution to net losers. If, despite the Parties' efforts, the McAllisters' claim cannot be resolved consensually,

each Party reserves the right to seek appropriate relief from the Court at that time, and nothing in this filing waives any party's rights, claims, defenses, or arguments on the merits of that claim.

This agreement is specific to the McAllisters and the unique posture of their response. It is not intended to, and should not be construed to, establish a precedent for the treatment of any other investor, claimant, or interested party in this matter. The Parties believe that proceeding in this way serves the interests of the Receivership Estate and all defrauded investors as it allows the Court to rule on the Amended Motion without further delay, enables the first interim distribution of $4,750,000 to reach qualifying net-loser investors promptly, and at the same time preserves the McAllisters' ability to obtain meaningful review of their claim and, if warranted, receive a distribution in the second round.

For these reasons, the Receiver and the McAllisters respectfully request that the Court (i) take notice of the agreement described above, (ii) treat the McAllisters' response (Dkt. 168) as a timely and sufficient preservation of their claim notwithstanding any claims bar date entered in connection with the Amended Motion, and (iii) consider the substantive issues raised in the McAllisters' response to be set aside for purposes of the Amended Motion, and (iv) proceed to rule on the Amended Motion on that basis.

DATED:  June 26, 2026.

**BUCHALTER LLP**


*/s/Tucker F. Levis*
R. Jeremy Adamson
Tucker F. Levis

*Attorneys for Receiver Chad S. Pehrson*


**CHRISTIANSEN LAW PLLC**


*/s/Stephen K. Christiansen*
Stephen K. Christiansen

*Attorney for Interested Parties Daniel McAllister and Maylene McAllister*

BUCHALTER 111146067v1