IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>WENDY SWENSEN, an individual; SARIA C. RODRIGUEZ, an individual; WS FAMILY IP, LLC, a Utah limited liability company; WINGMAN, LLC, a Utah limited liability company; and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>Relief Defendants. | **ORDER AND MEMORANDUM DECISION APPROVING PROPOSED DISTRIBUTION METHOD AND FIRST INTERIM DISTRIBUTION**<br><br>Case No. 1:22-cv-00135-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Pending before the court is Receive Chad S. Pehrson's Motion to Approve Proposed Distribution Method and First Interim Distribution[1] and Amended Motion to Approve Distribution Method and First Interim Distribution.[2]  For the reasons explained below, the Amended Motion is GRANTED, which renders the initial Motion moot.

---

[1] Dkt. 157, *Motion to Approve Proposed Distribution Method and First Interim Distribution* (*Motion*).

[2] Dkt. 164, *Amended Motion to Approve Distribution Method and First Interim Distribution* (*Amended Motion*).

## BACKGROUND

In October 2022, the Securities and Exchange Commission (SEC) brought this action against Defendants The Estate of Stephen Romney Swensen and Crew Capital Group, LLC (collectively, Defendants), accusing them of operating a Ponzi scheme, and naming Wendy Swensen; Saria C. Rodriguez; WS Family IP, LLC; Wingman, LLC; and Swensen Capital, LLC as Relief Defendants.[3] On August 8, 2023, the Court appointed Chad Pehrson as Receiver for The Estate of Stephen Romney Swensen; Crew Capital Group, LLC; Wingman, LLC; WS Family IP, LLC; and Swensen Capital, LLC (collectively, the Receivership Estate).[4]

On January 1, 2026, the Receiver filed the Motion.[5] On April 2, 2026, the Receiver filed the Amended Motion.[6] On April 20, 2026, interested parties Daniel and Maylene McAllister (collectively, the McAllisters) objected to the Motion.[7] On June 26, 2026, the Receiver and the McAllisters filed a stipulation regarding the objection, which provides:

- First, the Receiver agrees that the McAllisters' response at Dkt. 168, together with the materials accompanying it, adequately preserves the McAllisters' claim against the Receivership Estate, including with respect to any claims bar date the Court may set in connection with the Amended Motion. The Receiver will not contest the timeliness or sufficiency of the McAllisters' claim on the ground that further documentation arrived after the bar date or after entry of an order on the Amended Motion.
- Second, the substantive issues raised in the McAllisters' response—principally, the proper calculation of the McAllisters' contributions and withdrawals and whether they are ultimately net winners or net losers—are set aside for purposes of the Amended Motion and will be addressed by the Parties outside the confines of that motion. The McAllisters do not oppose entry of an order granting the Amended Motion and approving the proposed distribution method and first interim distribution, subject to the understanding reflected in this filing.

---

[3] Dkt. 2, *Complaint*.

[4] Dkt. 38, *Order Appointing Receiver*.

[5] *Motion*.

[6] Dkt. 164, *Amended Motion to Approve Distribution Method and First Interim Distribution*.

[7] Dkt. 168, *Daniel And Maylene Mcallister's Objection and Response to Motion to Approve Proposed Distribution Method and First Interim Distribution, As Amended* (*Objection*).

- Third, the Parties will continue to confer in good faith, exchange records, and work toward a consensual resolution of the McAllisters' claim. Consistent with the Amended Motion, the Receiver has reserved, and will continue to reserve, sufficient funds within the Receivership Estate to address the McAllisters' claim in the event it is ultimately allowed. If the Parties agree, or the Court later determines, that the McAllisters are net losers entitled to participate in distributions from the Estate, the Receiver will rebalance his calculations to account for the McAllisters' claim and will include any resulting payment to the McAllisters in a second interim or final distribution to net losers. If, despite the Parties' efforts, the McAllisters' claim cannot be resolved consensually, each Party reserves the right to seek appropriate relief from the Court at that time, and nothing in this filing waives any party's rights, claims, defenses, or arguments on the merits of that claim.[8]

On June 26, 2026, the court took notice of the stipulation and agreed to rule on the Amended Motion in light of the stipulation.[9]  This Order grants the Amended Motion.

## LEGAL STANDARD

This Court has "broad powers and wide discretion to determine relief" in a receivership, including any distribution plan that is "fair and reasonable."[10]   In general, courts favor the pro rata distribution of assets "where funds of defrauded victims were commingled and where victims were similarly situated with respect to their relationship to the defrauders."[11]  Pro rata distribution is especially appropriate for fraud victims of a Ponzi scheme.[12]  The net investment method is a commonly used pro rata distribution method used in apportioning receivership assets

---

[8] Dkt, 180, *Stipulation Regarding Daniel & Maylene McAllister's Objection and Response to the Receiver's Amended Motion to Approve Proposed Distribution Metho and First Interim Distribution.*

[9] Dkt. 181, *Order Granting Stipulation Regarding Daniel & Maylene Mcallister's Objection and Response to Amended Motion to Approve Proposed Distribution Method and First Interim Distribution.*

[10] *S.E.C. v. Vescor Cap. Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010); *S.E.C. v. Byers*, 637 F. Supp. 2d 166, 174 (S.D.N.Y. 2009).

[11] *S.E.C. v. Merrill Scott & Assocs., Ltd.*, No. 2:02-cv-39, 2007 WL 26981, at *2 (D. Utah Jan. 3, 2007) (unpublished) (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 290 F.3d 80, 88–89 (2d Cir. 2002)).

[12] *Credit Bancorp*, 290 F.3d at 89 (collecting cases).

for Ponzi scheme cases, particularly where funds were commingled and all investors had a similar relationship to the wrongdoer.[13]

## DISTRIBUTION PLAN

The court approves the distribution plan proposed by the Receiver in the Amended Motion.[14] Specifically, the Receiver will distribute assets using the net investment method. This is essentially a pro rata distribution that calculates each investor's net investment in the scheme by subtracting the investor's distributions or withdrawals from their total investment. Investors who received more than what they invested will not receive distributions from the Receiver. The remaining investors, i.e., net losers, will share pro rata in available funds in proportion to their net loss relative to the total net losses of all claimants. To do so, the investor's net investment is then compared against the total amount of all net investments to determine the investors' percentage of all net investment. That percentage is then multiplied against the amount recovered by the Receiver to determine what portion of the Receiver's funds should be paid to the investor.

The following illustration assumes there are only five investors:

| Investor | Total Investment | Total Withdrawals | Net Investment | Percentage Return | Distribution (Dollars) |
|---|---|---|---|---|---|
| A | $200,000 | $50,000 | $150,000 | 15% | $52,500 |
| B | $500,000 | $100,000 | $400,000 | 40% | $140,000 |
| C | $300,000 | $250,000 | $50,000 | 5% | $17,500 |
| D | $700,000 | $300,000 | $400,000 | 40% | $140,000 |
| E | $250,000 | $275,000 | ($25,000) | N/A | |
| Totals | $1,950,000 | $975,000 | $1,000,000 | 100% | $350,000 |

---

[13] *Commodity Futures Trading Comm'n v. Walsh*, 712 F.3d 735, 749 (2d Cir. 2013), (citing *Credit Bancorp, Ltd.*, 290 at 88–89); *see also S.E.C. v. Infinity Grp. Co.*, 226 F. App'x 217, 2018 (3d Cir. 2007); *Commodity Futures Trading Comm'n v. Topworth, Int'l, Ltd.*, 205 F.3d 1107, 1116 (9th Cir. 1999); *S.E.C. v. Illarramendi*, No. 2:11-cv-078, 2013 WL 6385036, at *3 (D. Conn. Dec. 6, 2013) (unpublished).

[14] *See Amended Motion 5–9.*

Under this scenario, Investor E is a net winner because they withdrew more than they invested, and therefore they are not entitled to a distributions.  The total net losses of all net losers equal $1,000,000.  Each net loser's pro rata share is calculated by comparing their individual net investment loss against the total losses of all net losers.  Each net loser then receives a pro rata share of the Receiver's assets available for distribution.  In this example, the receiver has $350,000.  Thus, Investor A would receive $52,500, Investor B would receive $140,000, Investor C would receive $17,500, and Investor D would receive $140,000.

The method is simple, clear, and based on objective criteria, which minimizes legal disputes and administrative complexity for a Receivership Estate with limited assets. This is particularly important, here, where assets were commingled, and tracing contributions to the scheme is challenging due to irreconcilable records and the timespan of the fraud.  The Receiver's proposed method provides equal, proportionate returns, and ensures that lost principal is returned to all defrauded investors.  The Receiver's proposed distribution method returns funds to a broader swath of defrauded investors, which given the personal and longstanding nature of this Ponzi scheme, is a reasonable goal.  The net investment method also reduces administrative costs and expedites the process of evaluating claims and issuing distributions, which will also conserve receivership assets to maximize distributions for defrauded investors.

The Receiver proposes a distribution, using the net investment method, in the amount of $4,750,000, to the individuals as set forth in Exhibit A to the Motion.  The Receiver has reserved sufficient funds to settle claims or disputes made in response to this Motion, as well as prosecute lawsuits to recover funds of the Receivership Estate.

**ORDER**

The Receiver's Amended Motion to Approve Distribution Method and First Interim Distribution is GRANTED.[15] The initial Motion is denied as moot.[16] IT IS HEREBY ORDERED:

The Receiver is authorized to make the first interim distribution in the amount of $4,750,000 from the Receivership Estate, to the individuals and in the amounts set forth in the Amended Motion.

The Receiver's request for a claim's bar date is granted. The Receiver must post this Order on the Receiver's website. Any new, unknown, or disputed claims must be made to the Receiver within thirty (30) days of the Receiver's posting of this Order on the Receiver's website.

SO ORDERED this 6th day of July 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[15] Dkt 164.

[16] Dkt. 157.