R. Jeremy Adamson (12818)
Tucker F. Levis (17793)
**BUCHALTER LLP**
60 E. South Temple Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 401-8625
jadamson@buchalter.com
tlevis@buchalter.com

*Attorneys for Receiver Chad S. Pehrson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company, <br><br> Defendants, <br><br> WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company, <br><br> Relief Defendants. | **RECEIVER'S SIXTH INTERIM FEE APPLICATION** <br><br> Case No.: 1:22-cv-00135-RJS-DBP <br><br> Judge: Robert J. Shelby <br><br> Magistrate Judge: Dustin B. Pead |

Receiver Chad Pehrson, through his undersigned counsel, hereby submits this sixth

interim fee application (this "Fee Application"), seeking approval by the Court for the fees and

expenses incurred by the Receiver, the Receiver's counsel, Buchalter, and Sage Forensic

Accounting, the Receiver's experts, for the period from November 1, 2025 through April 30,

2026 (the "Application Period").  The Receiver seeks authorization to pay all allowed fees and expenses from the Receivership Estate.  In support hereof, the Receiver states as follows:

## I.       RELEVANT BACKGROUND

1.       On August 8, 2023, the Court entered an Order Appointing Receiver (the "Appointment Order"). Accordingly, the Receiver has worked in concert with his counsel and his accountants, to identify, secure, and prepare to liquidate various Receivership assets, identify claimants and creditors of the Receivership Estate, and to identify net winners to recover funds for the benefit of all Receivership claimants.

2.       The Receiver has previously filed Status Reports.  The Status Reports provide a description of the services performed by the Receiver and his professionals during the Application Period and are incorporated herein by reference.

## II.      REQUEST FOR COURT APPROVAL OF FEES AND EXPENSES

3.       The Appointment Order provides, in the relevant part:

4.       The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

5.       Accordingly, the Receiver respectfully requests that the Court approve the fees and expenses incurred by the Receiver, his counsel, and Sage Forensics, for the Application Period, as set forth below and in the attached Exhibits.

### III.    FEES AND EXPENSES REQUESTED ARE ACTUAL, NECESSARY AND

### REASONABLE FOR THE SERVICES RENDERED

6.    During this Application Period, the Receiver and his professionals have provided actual and necessary services for the Receivership Estate as summarized below and detailed in the Exhibits attached hereto.  The Exhibits also detail the out-of-pocket expenses incurred by the professionals in rendering services to the Receivership Estate.

7.    Buchalter submitted its invoices to the Receiver, and the Receiver has reviewed and approved the invoices.

8.    This Fee Application complies with the Receiver's understanding of the Appointment Order and relevant billing guidelines.

9.    Mr. Adamson's hourly rate is $715 per hour, Tucker Levis's hourly rate is $465 per hour, Henry Morris's rate is $395 per hour, Brock Hatcher's rate is $240 per hour, and litigation-support specialist Hugo Velastegui's rate is $275 per hour.  In the Receiver's experience of practicing law for over 15 years in the Salt Lake City legal market, the rates charged by Mr. Adamson's firm are consistent with or below the rates charged by legal professionals with Mr. Adamson's and his team's level of expertise.

10.    The Receiver believes that the requested fees and expenses are reasonable.  The Receiver also believes that the services rendered and the expenses advanced have been beneficial to the Receivership Estate.

### IV.    HOLD-BACK ISSUE

11.    In preparing this application, the Receiver and Buchalter were made aware of an issue with prior applications.  The SEC's billing guidelines provide that each interim application is

subject to at least at 20% holdback of the amount of fees and expenses for each application. Buchalter to date (and Kunzler Bean & Adamson prior to Buchalter's involvement) believed it was complying with that requirement by noting a 20% "discount" on its bills.  The attorneys at Buchalter and Kunzler Bean & Adamson intended that 20% discount to be a "hold-back" subject to eventual payment should such payment be approved at the conclusion of the Receivership.  It is now apparent to the Receiver and Buchalter that identifying the 20% reduction in the amount sought in prior applications as a "discount" while viewing it as a "hold-back" could be confusing to the Court and/or investors.  Accordingly, Buchalter and the Receiver concede that those reductions identified as "discounts" should have been identified as "hold-backs." Further, while the Receiver's accountants at Sage have provided a 5% discount on their fees, the Receiver's prior applications have not included a holdback of the expenses the Receiver has incurred in retaining Sage.

12.     To avoid any confusion with this application or future applications, what was previously identified as a 20% "discount" is now identified as a 20% "hold-back."  Thus, in this application, the Receiver and Buchalter are seeking interim approval of 100% of the fees charged by Buchalter subject to a 20% "hold-back."  So, for example, in this application Mr. Adamson is seeking interim approval of his fees at the rate of $715 subject to a hold-back of $143 per hour for each hour he has billed with the intention of seeking final approval of payment of that hold-back at the conclusion of this Receivership. Further, this application provides for a 20% hold-back of the Sage fees and expenses, and that hold-back will be applied to Sage fees and expenses going forward.  Buchalter and the Receiver intend to request final approval of all fees and expenses at the conclusion of this Receivership, including all hold-backs (including those

erroneously labeled as "discounts"). Buchalter and the Receiver apologize to the Court for any confusion this issue has caused in connection with prior applications.

## V.    SUMMARY OF AMOUNTS REQUESTED

13.    The total amounts requested for the Receiver, his professionals, including the relevant holdbacks and voluntary write-downs, are summarized below:

a.    Buchalter: From November 1, 2025 through April 30, 2026, as shown in Exhibit A, Buchalter is seeking interim approval for $65,167.50 in fees (subject to a 20% hold back) and $1,685.61 for out-of-pocket expenses (subject to a 20% hold back).  The Receiver has carefully reviewed Buchalter's work and billings, and believes it to be both expert and efficient.

b.    Sage: From November 1, 2025 through April 30, 2026, as shown in Exhibit B, Sage billed $28,626.18.[1]  The Receiver has carefully reviewed Sage's work and billings, and believes it to be both expert and efficient. The Receiver is seeking interim approval of Sage's invoices (subject to a 20% hold back).

c.    Receiver: From November 1, 2025 through April 30, 2026, as shown in Exhibit A, the Receiver expended 30.8 hours and is seeking approval for $16,786.00 in fees (subject to a 20% hold back), together with $646.66 for additional out-of-pocket expenses advanced by the Receiver (exclusive of the Sage invoices addressed in subparagraph b above and subject to a 20% hold back), consisting of monthly Reveal discovery-database hosting invoices and a Utah Division of Corporations filing fee relating to the Bucket Bliss asset.

---

[1] The invoices shown in Exhibit B do include three entries for interest charged by Sage but those interest amounts are not being sought as part of this application.

d.        In total, the Receiver seeks interim approval of $81,953.50 in fees subject to a 20% hold back and $30,958.45 in expenses subject to a 20% hold back for the Application Period, for a combined total of $115,244.22 subject to a 20% hold back.

14.    The Receivership Estate has sufficient funds to pay the amounts requested.

## VI.    SUMMARY OF EXHIBITS

15.    Professional services have been recorded contemporaneously with services being rendered and these services, as well as the expenses incurred, are detailed in the attached Exhibits described below.

16.    Buchalter and Sage have maintained their time in records organized according to tasks, with each task record being maintained in chronological order.

17.    The following Exhibits are attached hereto in support of this Fee Application:

Exhibit A—Time Records of Receiver and Buchalter, Including Summary by Task;

Exhibit B—Time Records of Sage;

Exhibit C—Proposed Order.

18.    During this Application Period, Buchalter continued to manage and keep secure the property within the Receivership Estate, filed and served an amended motion for approval of a distribution plan and proposed distribution method, served subpoenas on presumptive net winner investors seeking bank and investment records, responded to investor inquiries regarding the proposed distribution, and worked with Sage to refine the net winner/loser tracing analysis and distribution model.

19.    Sage has continued to analyze and review information, support, and transaction data contained in the business records of the Receivership Defendants.  Sage has assisted the Receiver

and his team to verify and identify any issues with claims, updated the net winner/loser tracing schedules as additional investor information was received, and developed and refined the distribution analysis.

20.    Sage's analysis has been critical in assisting the Receiver to identify and verify relevant information to the Receiver's tasks.

21.    This is the Sixth Interim Fee Application of the Receiver and his professionals.  The Receiver and his professionals understand that the authorization and payment of fees and expenses is interim in nature, and that all fees and expenses allowed on an interim basis will be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and the Receiver and his professionals file final fee applications.

22.    For the reasons set forth above, and as supported by the Exhibits attached hereto, the Receiver respectfully submits that the fees and expenses requested herein are for actual services that were necessary for and beneficial to the administration of the Receivership Estate.  The Receiver has made every attempt to limit the administrative expenses of this Receivership Estate, and the Receiver submits that given the work that has been performed as reflected in the attached time entries, the fees and expenses that have been incurred are reasonable.

23.    Pursuant to the Appointment Order, the Receiver represents and avers that this Fee Application complies with the material terms of the billing instructions agreed to by the Receiver, the fees and expenses included therein were incurred in the best interests of the Receivership Estate, were necessary and reasonable, and the Receiver has not entered into any

agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

24.     The Receiver respectfully requests that the Court enter an Order (i) approving, on an interim basis, and (ii) authorizing the Receiver to pay these fees and reimburse the expenses from the Receivership Estate.

25.     A proposed Order is attached hereto as Exhibit C.

DATED this 23rd day of July 2026.

**RECEIVER**

*/s/ Chad Pehrson*
Chad Pehrson, Receiver

**BUCHALTER**

*/s/ R. Jeremy Adamson*
R. Jeremy Adamson
Attorneys for Receiver