R. Jeremy Adamson (12818)
Tucker F. Levis (17793)
**BUCHALTER, LLP**
60 E. South Temple Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 401-8625
jadamson@buchalter.com
tlevis@buchalter.com

*Attorneys for Receiver Chad S. Pehrson*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEPHEN ROMNEY SWENSEN, and CREW CAPITAL GROUP, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>WENDY SWENSEN, an individual, SARIA C. RODRIGUEZ, an individual, WS FAMILY IP, LLC, a Utah limited liability company, WINGMAN, LLC, a Utah limited liability company, and SWENSEN CAPITAL, LLC, a Utah limited liability company,<br><br>Relief Defendants. | **RECEIVER'S SIXTH STATUS REPORT**<br><br>Case No.: 1:22-cv-00135-RJS-DBP<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

Chad S. Pehrson, the Court-Appointed Receiver (the "Receiver") of The Estate of Stephen Romney Swensen; Crew Capital Group, LLC; Wingman, LLC; WS Family IP, LLC; and Swensen Capital, LLC (collectively, the "Receivership Defendants"), hereby submits this Fourth Status Report, pursuant to Paragraph 53 of this Court's Order Appointing Receiver and Staying Litigation,

dated August 8, 2023 (the "Appointment Order"). As instructed by the Court, this Report addresses the following topics.

I. A summary of the operations of the Receiver, including significant developments during the quarter.
II. A summary of the current financial condition of the Receivership.
III. A summary of the receipts and disbursements of the Receivership.
IV. A description of known Receivership property, including approximate valuations, and anticipated dispositions.
V. A description of liquidated and unliquidated claims of the Receivership, including the need for forensic and investigatory resources, approximate values of those claims, and anticipated methods of enforcing such claims.
VI. A list of known creditors of the Receivership.
VII. The status of creditor claims proceedings.
VIII. The Receiver's recommendations for continuation of the Receivership.

**I. Summary of Operations of the Receiver.**

1. **Publication of Appointment Order.** The filings in this lawsuit, including the Appointment Order, continue to be published and made available on the Receivership Information Page at https://www.swensencrewcapitalreceivership.com/. The Receiver has continued efforts to direct investors, creditors, and former employees of the Receivership Defendants to this site, where interested parties can access relevant information.

2. **Receivership Bank Account**. The Receiver is presently managing the Receivership Bank Account with East-West Bank. The Receiver took control of multiple bank accounts held by the Receivership Defendants, including a Zions Bank account formerly held by the Estate of Stephen Swensen and a Chase Bank account formerly held by Swensen Capital, LLC.

3. **Employment of Experts and Accountants.** The Receiver has retained expert forensic accountants affiliated with Sage Forensics. Sage has continued to provide necessary calculations and analyses relating to the distribution plan. The Receiver has also retained a qualified accountant, Troy Hooton, to assist with other business matters relating to the

Receivership Defendants. The Receiver has also engaged a qualified business valuation expert regarding small software businesses.

4. **Identification of Liquid Assets.** The Receiver continues to evaluate and investigate potential liquid assets of the Receivership Estate. The Receiver has filed complaints against Bank of Utah, as well as Jacob Cazier and Cazier Group LLC seeking to recover assets and funds the Receiver maintains belong to the Receivership Estate. The Receiver has sent subpoenas to more than a dozen individuals that are potentially "net winners" in the scheme.

5. **Records, and Information from Receivership Defendants.** The Receiver continues to work to collect, organize, and preserve any documents, records, and information from the Receivership Defendants. The Receiver has engaged in a significant outreach effort to contact investors, and provide informal avenues for information exchanges. The Receiver has also issued subpoenas seeking additional records from more than a dozen potential investors. Following the Court's approval of the proposed distribution method and first interim distribution, the Receiver is moving forward with implementation of the first interim distribution to injured investors.

6. **Cooperation with SEC.** The Receiver and his counsel regularly communicate with the SEC regarding the Receiver's activities, and the SEC's activities.

7. **Discovery/Investigation/Subpoenas.** The Receiver has sent inquiries and subpoenas and conducted interviews. The Receiver is also moving forward with discovery in the actions against Bank of Utah and Jacob Cazier and Cazier Group, LLC.

8. **Continued Evaluation of Potential Defendants.** The Receiver continues to evaluate bringing fraudulent transfer actions against several potential defendants, including a cost -benefit analysis of such claims.

**II./III./IV. Summary of the current financial condition of the Receivership, the receipts and disbursements of the Receivership, and a description of known**

**Receivership property, including approximate valuations, and anticipated dispositions.**

The Receiver continues to evaluate pertinent financial records and Receivership property. The financial condition is largely similar to that provided in the most recent report, with recent monthly invoices from the Receiver's attorneys and forensic accountants tracking at typical operational levels. In the Receiver's judgment, the retained attorneys and forensic accountants have operated very efficiently and continue to do so. Following the Court's approval of the distribution method and first interim distribution, the Receivership is moving forward with implementation of a substantial distribution to injured investors.

**V. A description of liquidated and unliquidated claims of the Receivership, including the need for forensic and investigatory resources, approximate values of those claims, and anticipated methods of enforcing such claims.**

The Receiver filed a complaint against Bank of Utah, which seeks to recover at least $811,806.37 in funds of the Receivership Estate. The Receiver also filed a complaint against Jacob Cazier and Cazier Group, LLC, which seeks to recover at least $296,290.97 in funds of the Receivership Estate. Both actions are moving forward into discovery.

The Receiver continues to evaluate claims of the Receivership, with assistance from legal and forensic resources. The Receiver has and will continue to engage in reasonable pre-filing negotiations with potential defendants, and then filing suit where appropriate.

**VI. A list of known creditors of the Receivership.**

Receiver's counsel, experts, and vendors are owed funds for legal and consulting work. These invoices will be submitted for Court approval.

**VII. The status of creditor claims proceedings.**

Only a small number of creditors have made demands upon the Receivership. These creditors have been advised that claims will be processed in due course. On July 6, 2026, the

Court entered its Order and Memorandum Decision Approving Proposed Distribution Method and First Interim Distribution (Dkt. 184), granting the Receiver's Amended Motion to Approve Distribution Method and First Interim Distribution (Dkt. 164). The Court approved the Receiver's proposed net investment distribution method and authorized a first interim distribution in the amount of $4,750,000. The Receiver is moving forward with implementation of the approved distribution. If additional funds are recovered, or distributions are unclaimed, the Receiver anticipates issuing additional distributions, as appropriate, prior to closing the Receivership.

**VIII. The Receiver's recommendations for continuation of the Receivership.**

The Receiver recommends continuation of the Receivership. The Receiver is focused on moving resolution forward expeditiously, while also minimizing expenses associated with doing so. The Receiver believes that continuation of the Receivership will result in greater recovery for the creditors of the Receivership Estate, primarily the defrauded investors in Mr. Swensen's scheme.

DATED: September 1, 2026.

**BUCHALTER LLP**

*<u>/s/ R. Jeremy Adamson</u>*
R. Jeremy Adamson
Tucker F. Levis

*Attorneys for Receiver Chad S. Pehrson*